UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEMOS M. WATKINS, | ) 3:07CV1296 |
| | ) |
| Petitioner | ) JUDGE JOHN R. ADAMS |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| JESSE WILLIAMS, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Demos M. Watkins ("Watkins"), through counsel, has filed a

petition for a writ of habeas corpus arising out of his 2003 convictions for drug

trafficking in the Allen County, Ohio, Court of Common Pleas.  Watkins raises a

single ground for relief in his petition:

> The sentence imposed in this case, of a non-minimum, consecutive
> sentence for a person with no prior felony convictions, was
> unconstitutional for violation of his rights of presentment to a grand
> jury, to trial by jury, and to proof beyond a reasonable doubt of
> essential facts without which such sentence could not be imposed.

(Doc. 1, § 12.A.)

The respondent argues the petitioner's claim is without merit.  (Doc. 7.)


I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

On May 21, 2003, [Watkins] sold approximately 125 grams of powder cocaine to a confidential informant for the Allen County Police Department. On June 12, 2003, [Watkins] again met with the informant to sell him approximately 250 grams of powder cocaine. At the second meeting, [Watkins] was arrested before a sale was made. On July 17, 2003, [Watkins] was indicted on two counts of Trafficking in Powder Cocaine, in violation of [Ohio Rev. Code §] 2925.03(A) & (C)(4)(e), felonies of the second degree and one count of Possession of Cocaine, in violation of [Ohio Rev. Code §§] 2925.11(A) & (C)(4)(d), a felony of the second degree.

On November 26, 2003, as part of a plea agreement, [Watkins] pled guilty to the two counts of Trafficking in Powder Cocaine. In exchange, the state dismissed the third count of the indictment, Possession of Cocaine. A sentencing hearing was scheduled and the trial court ordered a pre-sentence investigation.

[Watkins] appeared for sentencing on January [30], 2004. Following testimony and argument, [Watkins] was sentenced to three years on each count, to be served consecutively, for a total sentence of six years in prison.

(Doc. 7, RX 12, at 2-3; State v. Watkins, No. 1-04-17, 2005 WL 1131576, at *1 (Ohio Ct. App. May 16, 2005); see also RX 37, sentencing hrg. transcript.)

On his direct appeal, Watkins had filed three assignments of error:

1. The trial court erred in sentencing the Defendant by not imposing a minimum sentence, in violation of [Ohio Rev. Code §] 2929.14(B).

2. The trial court erred in sentencing the Defendant by imposing consecutive sentences, in violation of [Ohio Rev. Code §] 2929.14(E)(4).

3. Consecutive sentencing under [Ohio Rev. Code §] 2929.14(E)(4) violated the Apprendi doctrine and was therefore unconstitutional.

(Doc. 7, RX 9.)  The court of appeals had rejected his arguments, and upheld his

conviction and sentence.  (Doc. 7, RX 12-13; State v. Watkins, No. 1-04-17, 2005 WL

1131576, at *1 (Ohio Ct. App. May 16, 2005).)

Watkins then appealed to the Ohio Supreme Court, on June 29, 2005.  (Doc. 7, RX 19.)  Watkins raised the following propositions of law:

> 1.  Ohio sentencing law is unconstitutional for violation of the right to counsel.
>
> 2.  Trial courts must find a course of conduct before finding great or unusual harm for consecutive sentencing.

(Doc. 7, RX 20.)

As part of an overall review of contested Ohio sentencing cases (doc. 7, RX 21) following its decision in State v. Foster, the state high court reversed the judgment and remanded Watkins' case for resentencing on May 3, 2006.  (Doc. 7, RX 22; In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 313, at ¶70, 847 N.E.2d 1174 (2006) (applying State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006)).

On remand, a new sentencing hearing was held June 26, 2006, and the trial court sentenced Watkins to the identical six-year sentence as previously imposed.  (Doc. 7, RX 23, 38.)

On direct appeal of his resentencing, Watkins argued a single assignment of error:  "The sentence imposed on remand was imposed pursuant to a judicially-created version of Ohio sentencing laws that, applied retroactively to Mr. Watkins, violated his right to freedom from ex post facto laws."  (Doc. 7, RX 25.)  The Court of Appeals affirmed the judgment of the trial court on Nov. 27, 2006.  (Doc. 7, RX 27-

3

28; State v. Watkins, No. 1-06-54, 2006 WL 3392084, at *1 (Ohio Ct. App. Nov. 27, 2006).)

On Dec. 7, 2006, Watkins filed a timely notice of appeal with the Ohio Supreme Court.  (Doc. 7, RX 29.)  He set forth one proposition of law:  "Ohio sentencing law is unconstitutional for violation of the right to due process."  (Doc. 7, RX 30.)  On Mar. 28, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 7, RX 31; State v. Watkins, 113 Ohio St.3d 1441, 863 N.E.2d 657 (2007).)

On May 3, 2007, Watkins filed this petition for a writ of habeas corpus.  (Doc. 1.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the

writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Watkins claims that his sentence is unconstitutional.  He presents the following "supporting facts" in his petition:

> Mr. Watkins was convicted in 2003 of two (2) counts of felony two drug trafficking in a single indictment.  He had no prior convictions for felony-level misconduct.  Ohio law provided to him a statutory presumption of minimum, consecutive [sic] sentences unless the Trial Court made statutory findings necessary for enhancement to non-minimum and statutory findings necessary for consecutive sentencing.  The trial court made those findings without allowing to Mr. Watkins a hearing before a jury on those denied facts.  Mr. Watkins had never been indicted for those facts, nor was he provided notice of an intent to prove those facts.  The trial court did not find those facts beyond a reasonable doubt.  Later, at resentencing on remand, the trial court

5

imposed the same sentence without any findings, because the Ohio
Supreme Court rewrote the law, after the commission of the offenses,
to remove any need for the trial court to make any findings, thereby
changing the potential penalty for the actions undertaken by Mr.
Watkins in 2003.

(Doc. 1, § 12.)

The respondent argues that the claims that the sentence violated either the

Ex Post Facto Clause or the Due Process Clause are without merit.  (Doc. 7, at 10.)

### III.  EX POST FACTO CLAIM

Watkins argues that he does not claim that the Ex Post Facto Clause was

violated, and that his claim is based solely on the Due Process Clause.  (Doc. 8, at

19.)  However, he contends that "the retroactive application of Foster to Mr.

Watkins violated his federal right to due process of law."  Id. at 15.  He stresses that

"[t]he retroactive application of a new sentencing scheme to already-completed

criminal conduct is just as unconstitutional as is the denial of a right to trial by

jury."  Id.  See also  doc. 7, RX 25, arguing on direct appeal that application of

Foster "violated his right to freedom from ex post facto laws."  (Doc. 7, RX 25.) An ex

post facto law "changes the punishment or inflicts a greater punishment than the

law annexed to the crime when it was committed."  Black's Law Dictionary (6th ed.

1990) 580.  Thus, while Watkins asserts a due process claim, he asserts an ex post

facto aspect in the "retroactive application" as well.

The state court of appeals rejected the ex post facto claim:  "For the reasons articulated by this court[1] in State v. McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we affirm the judgment of the trial court."  (Doc. 7, RX 27-28, at 2; Watkins, 2006 WL 3392084, at *1.  The question before this court is whether that decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

The United States Constitution prohibits a state from passing any ex post facto law.  U.S. Const. art. I, § 10, cl. 1.  To fall within the prohibition of the Ex Post Facto Clause, a law must 1) apply to events occurring before its enactment, and 2) disadvantage the offender.  United States v. Page, 131 F.3d 1173, 1175 (6th Cir. 1997), cert. denied, 525 U.S. 828 (1998).  The change in the law must alter the definition of criminal conduct or increase the penalty by which a crime is punishable.  Id. (citing California Dep't of Corrections v. Morales, 514 U.S. 499, 506 n.3 (1995)).  The critical question is "whether the law changes the legal consequences of acts completed before its effective date."  United States v. Reese, 71 F.3d 582, 591 (6th Cir. 1995), cert. denied, 518 U.S. 1007 (1996) (quoting Weaver v. Graham, 450 U.S. 24, 31 (1981)).

Ohio courts have uniformly rejected ex post facto challenges to the Foster decision.  See, e.g., State v. Swann, 171 Ohio App.3d 304, 314, 870 N.E.2d 754, 762

---

[1] Counsel for Watkins raised essentially the same constitutional arguments in McGhee, which the state court rejected.  State v. McGhee, No. 17-06-05, 2006 WL 2796275, at *7 (Ohio Ct. App. Oct. 2, 2006) (defendant was aware of potential statutory sentence for felony; rejecting alleged due process violation under Bouie).

(Ohio Ct. App. 2007); State v. Sharp, No. 89295, 2007 WL 4200755, at *2 (Ohio Ct. App. Nov. 29, 2007); McGhee, 2006 WL 2796275, at *7.  See generally United States v. Barton, 455 F.3d 649, 657 (6th Cir.), cert. denied, 127 S.Ct. 748 (2006) (United States v. Booker, 542 U.S. 220  (2005), does not violate ex post facto).  The court in McGhee found no ex post facto violation because the defendant "knew the potential statutory sentence for committing a first degree felony, because he had notice that Ohio's sentencing statutes were subject to judicial scrutiny, and because [he] was unlikely to amend his criminal behavior in light of a sentencing change."  McGhee, 2006 WL 2796275, at *7.  In Sharp, the court noted that "the sentencing range was the same at the time [the defendant] committed the offenses as when he was sentenced," and Foster "did not  judicially increase the range of his sentence."  Sharp, 2007 WL 4200755, at *2.   The court finds these decisions persuasive.

In any event, Watkins has failed to demonstrate that the state court decision concerning his ex post facto claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## IV.  DUE PROCESS CLAIM

Watkins contends that "the retroactive application of Foster to Mr. Watkins violated his federal right to due process of law."  He argues that "the retroactive application of a new sentencing scheme to already-completed criminal conduct" is

unconstitutional.  (Doc. 8, at 15.)  Watkins primarily relies on Bouie v. City of

Columbia, 378 U.S. 347 (1963).  Id. at 16-17.  In his words:

> The Bouie  decision relied upon a principle that the judiciary cannot by
> interpretation of an existing and unambiguous law violate the right of
> an accused to freedom from an ex post facto law by judicial creation of
> that which the legislature could not create.  The Bouie  standard is
> whether the late action of the judiciary was foreseeable at the time of
> the commission of the offense.

Id. at 16.

Bouie v. City of Columbia arose out of a "sit-in" demonstration at a

segregated lunch counter[2] at Eckerd's Drug Store in Columbia, South Carolina.

Bouie, 378 U.S. at 348.  The Court set out the following factual background:

> On March 14, 1960, the petitioners, two Negro college students, took
> seats in a booth in the restaurant department at Eckerd's and waited
> to be served. No one spoke to them or approached them to take their
> orders for food. After they were seated, an employee of the store put up
> a chain with a 'no trespassing' sign attached. Petitioners continued to
> sit quietly in the booth. The store manager then called the city police
> department and asked the police to come and remove petitioners. After
> the police arrived at the store the manager twice asked petitioners to
> leave. They did not do so. The Assistant Chief of Police then asked
> them to leave.

Id.  They were arrested, and subsequently acquitted of breach of the peace, but

convicted of criminal trespass, which conviction was upheld on appeal.

The South Carolina statute had defined the prohibited conduct as "entry

upon the lands of another * * * after notice from the owner or tenant prohibiting

such entry."  Id. at 349.  The Supreme Court continued:

---

[2] The rest of the store was not segregated.

9

The South Carolina Supreme Court, in affirming petitioners' convictions, construed the statute to cover not only the act of entry on the premises of another after receiving notice not to enter, but also the act of remaining on the premises of another after receiving notice to leave. * * * Petitioners contend, however, that by applying such a construction of the statute to affirm their convictions in this case, the State has punished them for conduct that was not criminal at the time they committed it, and hence has violated the requirement of the Due Process Clause that a criminal statute give fair warning of the conduct which it prohibits. We agree with this contention.

Id. at 350.

The Court noted that the "basic principle" at issue in Bouie was that "a criminal statute must give fair warning of the conduct that it makes a crime." Id. at 350. The Court found that the South Carolina statute, which was precise on its face had been "unforeseeably and retroactively expanded by judicial construction." Id. at 352. The Court explained:

By its terms, the statute prohibited only 'entry upon the lands of another * * * after notice from the owner * * * prohibiting such entry * * *.' There was nothing in the statute to indicate that it also prohibited the different act of remaining on the premises after being asked to leave.

Id. at 355.

The Court concluded:

The crime for which these petitioners stand convicted was 'not enumerated in the statute' at the time of their conduct. It follows that they have been deprived of liberty and property without due process of law in contravention of the Fourteenth Amendment.

Id. at 363.

The elements of the crimes for which Watkins entered guilty pleas, trafficking in cocaine, were not modified in any way by any judicial action of the

10

state courts.  Watkins cannot argue that the statute did not give him fair warning of the conduct that it makes trafficking a crime. The reliance on Bouie v. City of Columbia is thus misplaced, and the court finds no due process violation of federal law as expressed in Bouie.  See generally Lyles v. Jeffreys, No. 3:07 CV 1315, 2008 WL 1886077, at *12 (N.D. Ohio Apr. 24, 2008) (federal courts have universally rejected arguments that sentencing statutes reshaped by Booker violate due process on ex post facto grounds).

Watkins also argues, albeit less clearly, that Ohio's sentencing scheme as revised by Foster violates the approved remedy as discussed in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007).  (Doc. 8, at 17-19.)

In Cunningham, the Supreme Court examined California's determinate sentencing law (DSL), which set forth a tripartite scheme of sentencing.  Under California's DSL, each offense might be punished by an upper term, a middle term, or a lower term.  The judge was obligated to sentence the middle term unless a specific judicial factfinding supported the upper or lower term.  Cunningham, 549 U.S. at ___, 127 S.Ct. at 861-862.

The Court explained that the Sixth Amendment requires that, other than a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Cunningham, 549 U.S. at ___, 127 S.Ct. at 864 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).  The "statutory maximum" is the sentence a judge may impose without any additional factual findings.

11

Cunningham, 549 U.S. at ___, 127 S.Ct. at 865 (quoting Blakely v. Washington, 542

U.S. 296, 303-304 (2004)).  Thus, under California's DSL, the "statutory maximum"

was held to be the middle term, not the upper term.  Cunningham, 549 U.S. at ___,

127 S.Ct. at 868.

Nevertheless, the Supreme Court "ha[s] never doubted  the authority of a

judge to exercise broad discretion in imposing a sentence within a statutory range,"

where statutorily required factfinding is not an issue.  Cunningham, 549 U.S. at

___, 127 S.Ct. at 866 (quoting United States v. Booker, 543 U.S. 220, 233 (2005)).

The Court noted that Booker remedied the constitutional infirmities found in the

Federal Sentencing Guidelines by excising those provisions which rendered the

system mandatory.  Cunningham, 549 U.S. at ___, 127 S.Ct. at 870.

The Court in Cunningham found that judges in the California system were

not free to exercise their "discretion to select a specific sentence within a defined

range."  Cunningham, 549 U.S. at ___, 127 S.Ct. at 870 (quoting Booker, 543 U.S. at

233).  The Court ruled that because the DSL system authorized the judge, not the

jury, to find the facts permitting an upper term sentence, the California system

violated the Sixth Amendment.  Cunningham, 549 U.S. at ___, 127 S.Ct. at 871.

Watkins contends that his resentencing was unconstitutional, in part,

because his consecutive sentences required "proof beyond a reasonable doubt of

essential facts without which such sentence could not be imposed."  (Doc. 1, § 12.A.)

Under prior Ohio law, that would have been true.  But, as discussed earlier,

Watkins was resentenced as a result of the Foster decision.

In Foster, the  Supreme Court of Ohio recognized that several provisions of Ohio's felony sentencing structure violated the Sixth Amendment to the U.S. Constitution.  State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), cert. denied, 127 S.Ct. 442 (2006).  In particular, the court noted that, "with limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional fact-finding by the judge."  Foster, 109 Ohio St.3d at 21, 845 N.E.2d at 491.  Thus, the court ruled:  "Because R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."  Id. at 2, 845 N.E.2d at 475 (syllabus, ¶ 3).

However, similar to Booker, the state high court remedied those constitutional infirmities by excising the provisions which required judicial factfinding.  The Foster court ruled that: "R.C. 2929.14(E)(4) and 2929.41(A) are capable of being severed.  After the severance, judicial fact-finding is not required before imposition of consecutive prison terms."  Id. at 2, 845 N.E.2d at 475 (syllabus, ¶ 4).  Thus, Ohio "trial courts are now no longer required to make any findings or give any reasons when imposing consecutive sentences."  Minor v. Wilson, No. 05-3534, 2007 WL 106771, at *6 n.1 (6th Cir. Jan. 17, 2007).  After Foster, "Ohio courts may sentence defendants anywhere within prescribed ranges, using the statutory factors as discretionary guidelines."  Lyles, 2008 WL 1886077, at *12.

Therefore, the state court's resentencing of Watkins did not offend due process, Cunningham, Booker, or the other cases discussed.

Watkins has failed to demonstrate that the state court decision concerning his resentencing was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. The petition should be denied.

RECOMMENDATION

It is recommended that the petition be denied.

Dated:   June 9, 2008                    /s/ Kenneth S. McHargh
                                           Kenneth S. McHargh
                                           United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).