UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMOS M. WATKINS, | ) | CASE NO.: 3:07CV1296 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| JESSE WILLIAMS, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Demos M. Watkins. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED.

**I.  Facts**

Petitioner pled guilty to two counts of drug trafficking on November 26, 2003, and he was sentenced to three years incarceration on each count to be served consecutively. Petitioner raised three claims on his direct appeal, asserting that his sentence was unconstitutionally imposed. Ultimately, Petitioner's sentence was reversed on the authority of *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). On remand, Petitioner received the same six year sentence. On direct appeal of that sentence, Petitioner claimed that its imposition violated the *ex post facto* provision of the

Constitution. The Ohio court of appeals found no merit in this argument and the Ohio Supreme Court declined to hear the appeal.

On May 3, 2007, Petitioner filed the instant habeas petition under 28 U.S.C. § 2254. In his petition, Petitioner raises a single ground for relief.

> The sentence imposed in this case, of a non-minimum, consecutive sentence for a person with no prior felony convictions, was unconstitutional for violation of his rights of presentment to a grand jury, to trial by jury, and to proof beyond a reasonable doubt of essential facts without which such sentence could not be imposed.

Doc. 1 at 6. On June 9, 2008, the Magistrate Judge recommended the petition be denied. On June 10, 2008, Petitioner objected to the report and recommendation. In his objections, Petitioner asserts that the magistrate erred in analyzing the *ex post facto* and due process challenges in the petition.

## II. Legal Standard

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1). The Supreme Court has clarified the language of 28 U.S.C. § 2254(d) and stated as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct

> governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

### III.     Legal Analysis

It is unclear which federal law that Petitioner claims was unreasonably applied. However, as Petitioner claims that his sentence violated due process as a result of the *Foster* decision, the Court will analyze that issue.

Both the United States and Ohio Constitutions prohibit *ex post facto* legislation, and similar restrictions have been placed on judicial opinions. *See, e.g., Bouie v. City of Columbia*, 378 U.S. 347 (1964). In *Bouie*, the United States Supreme Court held that due process prohibits retroactive application of any judicial decision construing a criminal statute that "is unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue[.]" *Id.* at 354. While Bouie referenced *ex post facto* principles, the Court later explained that *Bouie*'s "rationale rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001). This principle has also been recognized by the Ohio Supreme Court. *See State v. Garner*, 656

N.E.2d 623 (Ohio 1995).

> "[A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law and can thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution * * * even though the constitutional prohibition against ex post facto laws is applicable only to legislative enactments."

*Id.* at 633 (Internal citations and quotations omitted) (quoting *Bouie*, 378 U.S. at 353 and *Marks v. United States*, 430 U.S. 188, 191-92 (1977)).   Consequently, while the Magistrate Judge analyzed both an *ex post facto* argument and a due process argument, these arguments are one and the same when a judicial decision is involved.

Petitioner apparently contends that the state court decision was an unreasonable application of *Bouie* and/or *Rogers* when those cases are read in conjunction with *Blakely* and *Cunningham.*   There is no merit in this argument.

By comparison, the Sixth Circuit has repeatedly held that *Booker*'s remedy did not create an *ex post facto* argument upon re-sentencing.   *See United States v. Hill*, 209 Fed.Appx. 467, 468 (6th Cir. 2006); *United States v. Barton*, 455 F.3d 649, 652-57 (6th Cir. 2006); *United States v. Shepherd*, 453 F.3d 702, 705-06 (6th Cir. 2006).   The Court finds this pertinent as "[o]n a broad level, the *Foster* decision issued in Ohio followed the "blueprint" laid out in *Booker*."   *State v. Dudokovich*, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶23.

Furthermore, every Ohio appellate court that has addressed this issue has concluded that the *Foster* remedy does not pose an *ex post facto* problem during re-sentencing.   *See, e.g., State v. Gibson*, 10th Dist. No. 06AP-509, 2006-Ohio-6899; *State v. Grimes*, 4th Dist. No. 06CA17, 2006-Ohio-6360; *State v. Durbin*, 2d Dist. No.2005-CA-134, 2006-Ohio-5125; *State v. McGhee*, 3d Dist. No. 17-06-05, 2006-Ohio-5162; *State v. Paynter*, 5th Dist. No. CT2006-0034, 2006-Ohio-5542; *State v. Ross*, 9th Dist. No. 23375, 2007-Ohio-1265.

In reaching their rulings, Ohio courts relied upon federal decisions related to *Booker*. "Appellant essentially seeks the benefit of a state of law that never existed; he wants 'a sentence that comports with the Sixth Amendment requirements of *Booker* [and *Foster*], but wants to avoid the possibility of a higher sentence under the remedial holdings of *Booker* [and *Foster*].'" *Paynter* at ¶28 (alterations sic) (quoting *United States v. Jamison* (7th Cir. 2005), 416 F.3d 538, 539. However, "because criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding of *Foster* was not unexpected, *Foster* did not violate due process notions." *Gibson* at ¶16.

This Court finds nothing unreasonable about the Ohio court's application of the principles in *Bouie*. Petitioner's argument that the penalty he faces is now more severe is unavailing. The Ohio courts ruling on this issue have noted that a defendant was aware of the maximum penalty he faced prior to committing his crime. *Foster* did not alter this maximum, it merely abrogated judicial fact finding.

The Court notes that counsel for Petitioner repeatedly assails the Ohio Supreme Court's decision in *Foster*. Counsel claims that the court "made up a nonsensical claim" and a "fictitious problem" to reach its result. Doc. 10 at 9. However, while Petitioner must demonstrate the unreasonable application of a Supreme Court decision, he has failed to analyze any such case in his objections. To the extent that Petitioner has mentioned in passing the United States Supreme Court cases in *Cunningham* and *Blakely*, his argument is unavailing. Ohio's statutory scheme did not mimic either California or Washington. Consequently, the Ohio Supreme Court's decision on its own unique statutory structure cannot be said to be contrary to or an unreasonable application of *Cunningham* or *Blakely*.

The Court is also not persuaded by the hypothetical situations proposed by Petitioner. In

those hypotheticals, Petitioner puts forth facts that are not present in Ohio law.  For example, Petitioner proposes a robbery statute that carries a potential penalty of 3-10 years, but further modifies that penalty by lessening it if no firearm is involved or other various factors.   Ohio law, however, has never contained such factors.   Rather, each defined crime carried a specific statutory range.  The statutory range was never altered by the specific facts of a case.  Petitioner's hypotheticals, therefore, are not persuasive.

In conclusion, the Court notes that this District has rejected the precise argument raised herein.  *See McGhee v. Konteh*, Case No. 1:07CV1408, 2008 WL 320763 (N.D.Ohio Feb. 1, 2008); *Lyles v. Jeffreys*, Case No. 3:07CV1315, 2008 WL 1886077 (N.D.Ohio Apr. 24, 2008). The Court adopts the reasoning of *McGhee* and *Lyles* in rejecting Petitioner's argument.  The Court also reminds counsel that he has an ethical obligation to disclose legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client.  *See Ohio Council of Blind v. Voinovich*, Case No. C2-93-528, 1994 WL 504405 (S.D.Ohio Mar. 28, 1994). The facts herein are particularly troubling because counsel for Petitioner served as counsel in *Lyles* and *McGhee,* yet he failed to disclose those adverse decisions to the Court.   While counsel may disagree with the outcomes reached by my colleagues in those matters, it does not lessen his obligations to disclose them.

Based upon the above, the Court finds no merit in Petitioner's objections.

**Conclusion**

Having found no merit to the objections raised by Petitioner, the Court ADOPTS the Magistrate Judge's Report in its entirety.   The Petition is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

So ordered.

<u>June 17, 2008</u>         <u>*/s/ John R. Adams*</u>
                                                 JUDGE JOHN R. ADAMS
                                                 UNITED STATES DISTRICT JUDGE